IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**DIANE SINGLETON**                                                                                          **PLAINTIFF**

vs.                                                             **CIVIL ACTION No.: 3:22-CV-034-HTW-LGI**

**MADISON COUNTY; MADISON
COUNTY CITIZEN SERVICES
AGENCY; and CARLOS
HENDERSON**                                                                                              **DEFENDANTS**

---

**ORDER**

---

BEFORE THIS COURT is the Motion to Dismiss **[Docket no. 19]**, filed by Defendant Madison County, Mississippi ("Defendant") under Rules 12(b)(1) and (6)[1] of the Federal Rules of Civil Procedure. Defendant, by way of its motion, asks this court to dismiss Plaintiff's Complaint in its favor, or, in the alternative, convert the motion *sub judice* to a Rule 56[2] Motion, and grant summary judgment in Defendant's favor.

---

[1] **Rule 12(b) How to Present Defenses**. Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion;
*(1) lack of subject-matter jurisdiction;*
(2) lack of personal jurisdiction;
(3) improper venue;
(4) insufficient process;
(5) insufficient service of process;
*(6) failure to state a claim upon which relief may be granted:* and
(7) failure to join a party under Rule 19. …
Fed. R. Civ. P. 12(b)

[2] Rule 56 of the Federal Rules of Civil Procedure provides in pertinent part:
Summary Judgment.
   (a) Motion for Summary Judgment or Partial Summary Judgment.  A party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought.  The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.  The court should state on the record the reasons for granting or denying the motion.

1

Plaintiff Dianne Singleton ("Plaintiff") opposes Defendant's Motion to Dismiss. [Docket no. 23]. Plaintiff, too, asks this court to convert Defendant's Motion to a Rule 56 Motion; however, Plaintiff asks this court to withhold a summary judgment ruling until the parties have completed limited discovery.

Plaintiff's Complaint invokes this court's subject matter jurisdiction under Title 28 U.S.C. § 1331[3], hailed as federal question jurisdiction. As stated *supra*, Defendant initially challenged this court's subject-matter jurisdiction under Federal Rule 12(b)(1). Defendant, thereafter, abandoned its 12(b)(1) argument [See Docket no. 33], conceding that this court possesses federal question subject-matter jurisdiction.

Federal courts, nevertheless, are obliged to examine for themselves the basis for the exercise of federal subject-matter jurisdiction. *Smith v. Texas Children's Hospital*, 172 F.3d 923, 925 (5th Cir. 1999). This court finds that it indeed possesses subject matter jurisdiction under §1331, as Plaintiff's claims arise under the following federal statutes: the Rehabilitation Act of 1973, Title 29 U.S.C. §§ 701, *et seq*; the Civil Right Act, Title 29 U.S.C. § 1983[4]; and the Americans with Disabilities Act ("ADA"), Title 42 U.S.C. §12101, *et seq.* Additionally, this court determines that it possesses supplemental jurisdiction over Plaintiff's Mississippi state law claims. A different jurisdictional statute, Title 28 U.S.C. §1367[5], bestows this outreach.

---

[3] Title 28 U.S.C. § 1331 states:
The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.

[4] Section 1983 states in pertinent part:
Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress... 42 U.S.C.A. § 1983 (West).

[5] Title 28 U.S.C. § 1367 provides, in pertinent part:

## STANDARDS OF REVIEW

*FED. R. CIV. P. 12(B)(6)*

When considering a motion to dismiss under Rule 12(b)(6), the Court accepts the plaintiff's factual allegations as true and makes reasonable inferences in the plaintiff's favor. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To proceed, the complaint "must contain a short and plain statement of the claim showing that the pleader is entitled to relief." *Id.* at 677-78 (quotation marks and citation omitted). This requires "more than an unadorned, the defendant-unlawfully-harmed-me accusation," but the complaint need not have "detailed factual allegations." *Id.* at 678 (quotation marks and citation omitted). Plaintiff's claims must also be plausible on their face, which means there is "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted).

The United States Court of Appeals for the Fifth Circuit has explained that "Rule 12(b)(6) affords a defendant the opportunity to test the legal sufficiency of the complaint, i.e., whether the plaintiff pleads a legal claim for which relief can be sought." *Electrostim Medical Services, Inc. v. Health Care Service Corp,* 614 Fed. Appx. 731, 736 (5th Cir. 2015)). The Court has clarified, however, that although district courts, on motions to dismiss, are required to accept all well-pleaded facts as true, those courts are not bound to accept, as true, a legal conclusions couched as factual allegations. *Bass v. Stryker Corp.*, 669 F.3d 501, 507 (5th Cir. 2012) quoting *Twombly*, 550 U.S. at 555)). Even "'when the allegations in a complaint, however true, could not raise a claim of

---

(a) Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

entitlement to relief, 'this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (internal quotations omitted).

### *RULE 56(a)*

Defendant has submitted two Affidavits [Docket nos. 33-1 and 33-2] in support of its Motion to Dismiss. The parties herein contend that should this court consider the two affidavits presented, it should convert the motion *sub judice* to one seeking Rule 56 summary judgment as required by Federal Rule of Civil Procedure 12(d)[6]. This court agrees.

Summary judgment under Rule 56 is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Fed. R. Civ. P. 56(a)*; *Copeland v. Nunan,* 250 F.3d 743 (5th Cir. 2001); see also *Wyatt v. Hunt Plywood Company, Inc.,* 297 F.3d 405, 408–09 (2002). When assessing whether a dispute to any material fact exists, all of the evidence in the record must be considered, but the court must refrain from making credibility determinations, or weighing the evidence. *Reeves v. Sanderson Plumbing Prods., Inc.,* 530 U.S. 133, 150, 120 S. Ct. 2097, 147 L.Ed.2d 105 (2000); instead, the court is to "draw all reasonable inferences in favor of the nonmoving party." *Id*.; *Wyatt*, 297 F.3d at 409. All evidence and the reasonable inferences to be drawn therefrom must be viewed in the light most favorable to the party opposing the motion. *United States v. Diebold, Inc*. 369 U.S. 654, 655 (1962).

---

[6] Federal Rule of Civil Procedure 12(d) states, "if, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion."

A party, however, cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or "only a scintilla of evidence." *TIG Ins. Co. v. Sedgwick James of Wash.* 276 F.3d 754, 759 (5th Cir. 2002); *S.E.C. v. Recile*, 10 F.3d 1093, 1097 (5th Cir. 1997); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir.1994). Summary judgment is appropriate if a reasonable jury could not return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

## FACTUAL AND PROCEDURAL BACKGROUND

The following facts are extracted from Plaintiff's Complaint [Docket no. 1] and the parties' memorandum briefs.

On or about January 2020, Plaintiff suffered gunshot wounds in her arm and legs. Plaintiff identified her shooter as Defendant Carlos Henderson ("Henderson"), her daughter's ex-boyfriend[7]. Plaintiff alleges that, thereafter, on October 20, 2020, a Madison County Mississippi Citizens Service Agency (MCCSA) employee transported Plaintiff to a medical appointment with her treating physician. Plaintiff asserts that, due to the aforementioned gunshot injuries, Plaintiff was restricted to a wheelchair on the subject day. Plaintiff claims that the MCCSA employee failed to secure Plaintiff and her wheelchair while operating the transporting vehicle at a high rate of speed over speed bumps. [Docket no. 1, ¶ 14]. The employee's actions and omissions, says Plaintiff, caused Plaintiff to be ejected from her wheelchair. This incident allegedly injured Plaintiff's hip and fractured her leg.

---

[7] On November 3, 2020, the Circuit Court of Madison County, Mississippi sentenced Defendant Henderson to 40 years for: one count of Aggravated Assault- Domestic Violence; one count of Aggravated Assault; and one count of Possession of a Firearm by a Convicted Felon.

The October 20, 2020, incident occurred in Flora, Mississippi. According to Plaintiff, after the incident, the MCCSA driver called an ambulance[8] which took Plaintiff to the University of Mississippi Medical Center in Jackson, Mississippi, some twenty miles away.

Plaintiff filed Notices of Claim [Docket no. 1-1] pursuant to Mississippi Code § 11-46-11[9] and served the Notices to representatives of the MCCSA, the Madison County Chancery Clerk, and Mississippi Non-Emergency Transportation Department via hand delivery on October 20, 2021.

On January 27, 2022, Plaintiff filed her Complaint [Docket no. 1] in the lawsuit *sub judice* against Madison County, Mississippi, the MCCSA (together referred to as "Madison Defendants"), and Defendant Henderson whose tort/criminal act of shooting Plaintiff set in motion the subsequent alleged tortious activities of the Defendants herein.  Plaintiff's Complaint contends that the Madison Defendants violated the Mississippi Tort Claims Act ("MTCA") when the MCCSA driver "failed to secure Plaintiff properly by a seatbelt and shoulder harness, failed to secure her wheelchair properly, failed to operate the MCCSA vehicle in an ordinary and prudent manner, failed to operate the MCCSA vehicle in obeyance of all Mississippi laws, and failed to operate the MCCSA vehicle in a reasonable manner that would not have caused Plaintiff's injuries". [Docket no. 1. at ¶ 16] Plaintiff asserts that the Madison Defendants also failed to supervise and train their employees in implementing the proper procedures in transporting Plaintiff. *Id*. at ¶ 17.

---

[8] The Complaint does not assert how much time elapsed before the ambulance arrived, nor whether Plaintiff suffered any inconvenience or further injuries in the ambulance.

[9] Miss. Code. Ann. § 11-46-11 (Supp. 2022) requires a claimant to send a Notice of Claim to a government entity before the claimant files a lawsuit against the entity.

In the alternative, says Plaintiff, MCCSA already had in place adequate safety transportation procedures which would have prevented the accident in question, but the Madison Defendants failed to abide by these procedures which would have resulted in Plaintiff being properly secured on the MCCSA vehicle by a seatbelt and shoulder harness; with Plaintiff's wheelchair being properly secured on the MCCSA vehicle; and with the driver operating the MCCSA vehicle in a safe and prudent manner. *Id*. at ¶ 23. Finally, Plaintiff asserts that the Madison County Defendants' "refusal to transport Plaintiff to her medical providers after her accident violated her due process rights. *Id*. at ¶ 24, and that this refusal also constitutes a violation of the Rehabilitation Act and the ADA. *Id*. at ¶ 27 and 32.

Plaintiff's Complaint, against all Defendants, seeks damages for:

a. Compensatory Damages;
b. Punitive Damages;
c. Attorney's fees;
d. Costs and expenses;
e. Injunctive relief for future violations of the ADA and Rehabilitation Act;
f. Declaratory relief on the cause of her damages as to each Defendant;
g. Pre-judgment and post-judgment interest; and
h. Any other relief to which she may be properly entitled.

[Docket no. 1, ¶ 34].

On May 9, 2020, Defendant Madison County filed its subject Motion to Dismiss Plaintiff's Complaint against it under the auspices of Rule 12(b)(1) for lack of subject-matter jurisdiction and Rule 12(b)(6) for failure sufficiently to state a claim upon which relief can be granted. Defendant, by way of its Motion, also sought dismissal of Plaintiff's Mississippi state law claims, alleged under the Mississippi Tort Claims Act. As stated *supra*, Defendant later withdrew its Rule 12(b)(1) argument, choosing, instead, to pursue only the Motion to Dismiss under Rule 12(b)(6).

Defendant, in support of its Rule 12(b)(6) Motion, filed two affidavits: (1) that of Loretta Phillips, Director of Madison County's Human Resources Department, which states that she was

"not notified of the accident, which is the subject of the instant litigation" [Docket no. 19-1 at ¶ 7]; and (2) that of Na'Son White, the Comptroller of the Madison County Board of Supervisors, which asserts that "no employees of the Madison County Citizens Services Agency are on the [Madison] County payroll [Docket no. 19-2 at ¶ 3].

Plaintiff filed her Response in opposition to Defendant's Motion to Dismiss on June 6, 2022 [Docket no. 23]. Plaintiff asks this court to deny Defendant's Motion. In the alternative, says Plaintiff, if this court considers Defendant's submitted affidavits, this court should convert the Defendant's 12(b)(6) motion to a motion seeking summary judgment. Plaintiff adds that this conversion should also provide reasonable time for Plaintiff to conduct limited discovery to present facts related to: (a) the establishment of the MCSSA by Madison County, (b) whether MCCSA is truly a separate entity; (c) the County's involvement with the day-to-day operations of the MCCSA, (d) whether MCCSA implemented any procedures under the American with Disabilities Act and the Rehabilitation Act, (e) whether MCCSA had in place any policies and procedures for denial of services to Madison County residents, and (f) what policies and procedures, if any, that MCCSA had for the training and supervision of MCSSA's employees.

Defendant, in its Reply Brief [Docket no. 33] argues, however, that the Plaintiff has not presented this court with a plausible basis for conducting any further discovery. Defendant further avers that Plaintiff's listed topics are easily explained by looking to Mississippi law; therefore, this court should not allow limited discovery on these topics.

## DISCUSSION

*MISSISSIPPI TORT CLAIMS ACT*

Defendant, by way of its Motion, also seeks dismissal of Plaintiff's Mississippi state law claims, alleged under the Mississippi Tort Claims Act ("MTCA"). The MTCA provides the

exclusive civil remedy against a governmental entity for acts or omissions which give rise to a suit. Miss. Code Ann. § 11-46-7; *Smith v. Leake Cnty. Sch. Dist.*, 195 So.3d 771, 774-775 (Miss. 2016) (citing *L.W. v. McComb Separate Mun. Sch. Dist.*, 754 So.2d 1136, 1138 (Miss.1999). Any tort claim filed against a governmental entity or its employee shall be brought only under the MTCA. *Smith*, 195 So.3d at 775. Under the MTCA, the State's sovereign immunity is waived for claims for money damages arising out of the torts of governmental entities and their employees, unless those torts are explicitly exempted from this waiver under Section 11–46–9(1)[10] of the Mississippi Code. *Id*.

Defendant argues that it "should be dismissed from this lawsuit as a completely unrelated government entity for the purposes of the claim at issue". Defendant further claims immunity under the MTCA because its supervision of MCCSA "would have been purely discretionary." Defendant relies upon the above-mentioned two affidavits to support its arguments.

This court finds that Defendant's submitted affidavits convert this matter to a Rule 56 motion for summary judgment under F.R.C.P. 12(d). Commensurately, this court grants Plaintiff leave to conduct limited discovery on topic (a) through (f) above requested by Plaintiff.

## §1983 CLAIM

Plaintiff asserts that Defendant Madison County, Mississippi violated her due process rights under 42 U.S.C. § 1983. In order to maintain an action pursuant to §1983, a plaintiff must allege facts showing that a person, acting under color of state law, deprived the plaintiff of a right,

---

[10] Miss Code Ann. §11-46-9(1) states, in pertinent part:
  (1) A governmental entity and its employees acting within the course and scope of their employment or duties shall not be liable for any claim:
    …
    (d) Based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a governmental entity or employee thereof, whether or not the discretion be abused;

9

privilege or immunity secured by the United States Constitution or the laws of the United States. *Bryant v. Military Dep't of Miss.*, 597 F.3d 678, 686 (5th Cir. 2010).

A State is not amenable to suit under this statute because "a State is not a person within the meaning of §1983." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 61-66, 109 S. Ct. 2304, 105 L.Ed.2d 45 (1989). This holding likewise applies to "any governmental entities that are considered "arms of the State" for Eleventh Amendment[11] purposes." *Id*. at 70.

This court notes, however, that while a State is not a "person" for § 1983 purposes, a municipality, including a county" <u>is</u> a "person" for a § 1983 claim. *See Monell v. Dep't of Soc. Servs. Of N.Y.*, 436 U.S. 658, 694, 98 S. Ct. 2018, 56 L. Ed. 29 611 (1978); *Los Angeles County, Cal. v. Humphries*, 562 U.S. 29, 131 S.Ct. 447, 178 L.Ed. 2d 460 (2010) (finding that municipalities, including counties, are also "persons" for declarative or injunctive relief sought under §1983)..

Defendant Madison County, Mississippi, by way of its Motion to Dismiss *sub judice*, initially argued that Plaintiff's §1983 claim against it should be dismissed because Madison County is not a "person" for the purposes of Plaintiff's § 1983 claim. Defendant, thereafter, withdrew its argument, conceding that pursuant to United States Supreme Court authority cited above, a local government entity like Madison County can be sued under 42 U.S.C. § 1983. This court concurs.

This court now turns to the substance of Plaintiff's §1983 claim against Defendant Madison County, Mississippi. Madison County may be held liable under § 1983 only for its own illegal acts, not pursuant to a theory of vicarious liability. *Connick v. Thompson*, 563 U.S. 51, 60, 131

---

[11] The Eleventh Amendment to the Constitution of the United States provides: "The judicial power of the United States shall not be construed to extend to any suit in law or equity commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."

S.Ct. 1350, 179 L.Ed.2d 417 (2011). To succeed on her §1983 claim against Madison County, the plaintiff must establish, not only that an individual state actor violated her constitutional rights, but that "(1) an official policy (2) promulgated by the [county] policymaker (3) was the moving force behind the violation of a constitutional right." *Peterson v. City of Fort Worth, Tex.,* 588 F.3d 838, 847 (5th Cir. 2009) (citing *Piotrowski v. City of Hous.*, 237 F.3d 567, 578 (5th Cir. 2001)). "Official [local-government] policies include the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law." *Connick*, 563 U.S. at 61, 131 S.Ct. 1350; *see also Peterson*, 588 F.3d at 850.

Plaintiff herein alleges she was injured by Madison County's policies of (1) not securing Plaintiff by a seatbelt and shoulder harness, (2) not securing Plaintiff's wheelchair, and (3) not operating the vehicle transporting her in a reasonable manner. Alternatively, Plaintiff pled that Plaintiff was injured by Madison County's failure to train its employees in the proper procedures of properly securing Plaintiff and properly operating its vehicle. Plaintiff contends that her injuries were a highly predictable result of Defendant's above-alleged shortcomings. Plaintiff has requested additional discovery, listed *infra*, to determine whether her allegations are sufficient to survive a motion for summary judgment on its §1983 claim.

This court has granted Plaintiff's request. Plaintiff's §1983 claim, therefore, is also denied without prejudice at this juncture.

*REHABILITATION ACT and ADA*

The Rehabilitation Act, Title 29 U.S.C. § 794(a), prohibits organizations and employers from excluding or denying individuals with disabilities an equal opportunity to receive program

benefits and services. For a claim under the Rehabilitation Act, Plaintiff must allege that (1) she has a qualifying disability; (2) that her being denied the benefits of services, programs, or activities for which the public entity is responsible; and (3) that such discrimination is by reason of her disability. *Hale vs. King*, 642 F.3d 492, 499 (5th Cir. 2011).

To state a claim for discrimination under the ADA, Plaintiff, similarly, must establish: (1) that she is a qualified individual within the meaning of the ADA; (2) that she is being excluded from participation in, or being denied benefits of, services, programs, or activities for which the public entity is responsible, or is "otherwise being discriminated against" by the public entity; and (3) that such exclusion, denial of benefits, or discrimination is by reason of her disability. *Lightbourn v. County of El Paso, Texas*, 118 F.3d 421, 428 (5th Cir.1997).

Plaintiff alleges that the following allegations satisfy the requirements for prevailing on her claims under both the Rehabilitation Act and the ADA: (1) Plaintiff suffered a broken leg from falling from her wheelchair due to the accident; (2) Plaintiff was denied transportation by the Madison Defendants (to her healthcare provider); and (3) the denial of this transportation was because of Plaintiff's accident.

Defendant, on the other hand, argues that Plaintiff's Rehabilitation Act claim, and ADA claim fail for the same reasons as her MTCA claim: that Madison County was not the proper entity responsible for Plaintiff's request for transportation to her medical care provider. Instead, says Defendant, the MCCSA was a separate and distinct statutory entity that took on that responsibility "without any input by Madison County into how it transported its passengers, who transported its passengers, how the drivers who transported its passengers were trained or supervised or what kind of restraints or other safety devices were placed on its vehicles". [Docket no. 33 at p. 11].

As stated *supra*, this court has converted Defendant's Motion to Dismiss to one for Summary Judgment under Rule 56(a) and will allow limited discovery.

In light of this court's grant of Plaintiff's requests for conversion and limited discovery, this court denies Defendant's motion for summary judgment to dismiss Plaintiff's Rehabilitation Act and ADA. Said denial is without prejudice at this juncture.

*PUNITIVE DAMAGES CLAIM*

Finally, this court notes that Plaintiff has conceded that punitive damages cannot be imposed on public entities. [Docket no. 23, ¶ E]. This court, accordingly, dismisses Plaintiff's claim for Punitive Damages with prejudice. *See Vermont Agency of Natural Resources v. United States ex re. Stevens,* 529 U.S. 765, 784-785, 120 S.Ct. 1858, 146 L.Ed.2d 836 (2000).

**CONCLUSION**

**IT IS**, for the above-mentioned reasons, ORDERED that Defendant Madison County's Motion to Dismiss [Docket no. 19] hereby is DENIED.

**IT IS FURTHER ORDERED** that **Defendant's Motion to Dismiss hereby is converted to a Rule 56 Motion for Summary Judgment. Defendant's request for summary judgment is DENIED WITHOUT PREJUDICE at this juncture.**

**IT IS FINALLY ORDERED** that Plaintiff is granted leave to conduct limited discovery on the following issues:

 (a) the establishment of the MCSSA by Madison County;

 (b) whether MCCSA is truly a separate entity from Madison County;

 (c) Madison County's involvement with the day-to-day operations of the MCCSA;

 (d) whether MCCSA implemented any procedures under the American with Disabilities Act and the Rehabilitation Act;

13

(e) whether MCCSA had in place any policies and procedures for denial of services to Madison County residents; and

(f) what policies and procedures, if any, that MCCSA had for the training and supervision of MCSSA's employees.

**SO ORDERED this the 17th day of March, 2023.**

                                            **/s/HENRY T. WINGATE**
                                            **UNITED STATES DISTRICT COURT JUDGE**